AYRES, Judge.
Plaintiffs, Donna Spangler and her husband, Gary Spangler, who was driving the car in which Mrs. Spangler was a passenger, brought this action to recover for personal injuries sustained by her and property damage sustained by him arising out of an automobile collision which occurred in the city of Winnfield on August 10, 1971, at approximately 5:30 in the evening. Named as defendants were Raymond Du-bois, the driver of the other vehicle involved, and his liability insurer, Maryland Casualty Company.
From a judgment rejecting their demands, plaintiffs took this appeal. Plaintiffs contend that the trial court erred in the following respects: in finding that the sole and only cause of the accident was Spangler’s negligence in backing out of his parking space without maintaining a proper lookout; in finding that the defendant Dubois was not negligent; in failing to apply the law of last clear chance and to find that Dubois had the last opportunity to avoid the accident; and in failing to award Mrs. Spangler damages for her personal injuries.
Thus, the only issue to be determined on appeal is the correctness of the trial court’s conclusions based on its findings of the facts surrounding the occurrence of the accident.
' The accident occurred on a clear, dry day on Abel Street which runs north and south in downtown Winnfield. The defendant Dubois was driving south on the street at a slow rate of speed when his car collided with the rear of the Spangler vehicle which was in the process of being backed by plaintiff from a diagonal parking space on the west side of the street in preparation for traveling south. Damage occurred to the right front fender of the Dubois car and to the middle of the rear of plaintiffs’ car.
The testimony of the Spanglers is to the effect they both looked to the rear and saw no movement of traffic before they began to back out into the thoroughfare. They assert the backing movement had been completed, the car had been put into forward gear, and they had proceeded forward two or three feet when their car was struck from the rear by defendant Dubois’ car.
In contrast, defendant Dubois testified that he was proceeding south on Abel Street at a slow rate of speed which he estimated at approximately fifteen miles per hour when he observed the Spangler vehicle backing out at a fast rate of speed. He stated he blew his horn after which he applied his brakes which brought him to a complete stop before his car was struck by the Spangler vehicle as it backed out from the curb.
W. D. Montgomery, an eyewitness to the collision, testified he was standing approximately 75 feet from the point of impact; that he waved at the defendant as he drove by at a slow rate of speed, estimated at approximately ten miles per hour, after which he heard a horn; that he then turned and saw the two cars collide. He observed that both cars appeared to be moving at the time of impact and that the Spangler vehicle was about three-fourths out of the parking space backing at a normal rate of speed.
Another witness, Julius M. Mercer, did not actually see the collision but testified that he heard the noise of impact and looked in that direction. He observed that the cars were lined up one behind the other.
From the foregoing, the trial court concluded that the accident was caused by the negligence of Spangler whose view of the roadway was unimpeded. Noting that the law requires that a person see what he should see, the court found that Spangler was negligent in failing to make sure he could complete his maneuver in safety before he began to back into the path of oncoming traffic. Dubois was found to have been free of negligence and to have react *385 ed properly when faced with the sudden emergency of a car backing into his path of travel.
The record clearly established that the accident occurred when Spangler negligently backed his vehicle into the path of Dubois’ car. We find no error in the trial court’s conclusions.
The judgment appealed is affirmed at plaintiffs-appellants’ cost.
Affirmed.